FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 17, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   -vs-<br><br>LUCAS WOODARD,<br><br>        Defendant. | Nos.  2:10-CR-0135-WFN-1<br>       2:11-CR-0084-WFN-1<br><br>ORDER DENYING MOTION FOR<br>REDUCED SENTENCE |

   Pending before the Court is Defendant's Motion to Reduce Sentence. The Court notes that while the caption of the Defendant's Motion includes both cause numbers, the Motion was not filed in 2:10-CR-0135-WFN-1. Defendant has exhausted his claim with the Bureau of Prisons [BOP].

   Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

   Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. At the time of sentencing, the Presentence Report described Defendant's history of mental health struggles. The Court imposed a sentence that addressed the § 3553(a) factors including Defendant's mental health struggles. Defendant now asks that the Court find that the strain on his mental health imposed by the COVID-19 pandemic is an extraordinary and compelling reason to reduce Defendant's sentence. The Court

ORDER - 1

recognizes that multiple credible reports suggest that the BOP's COVID-19 response has been inadequate and at the same time severe.  The measures imposed, while stringent, are intended to curb the spread.  These measures no doubt affect inmates' mental health.  However, continued lockdowns and limitations on social gathering affect mental health whether or not a person is incarcerated.  The mental health effects of measures taken by the BOP to prevent the spread of COVID-19 do not qualify as extraordinary or compelling reasons.

Defendant's underlying conviction was dangerous and serious; he robbed multiple banks at gunpoint.  He faced a guideline range of 97 - 121 months with a statutorily mandatory 7-year consecutive sentence.  The Court imposed a sentence nearing the high end of the guideline range. Also, his escape attempt, prior to COVID-19, concerns the Court.  Defendant has not demonstrated extraordinary or compelling reasons supporting his release.  The Court has reviewed the file and Motion and is fully informed.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence, filed November 6, 2020, **2:11-CR-0084-WFN-1 ECF No. 25**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 17th day of December, 2020.

12-16-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2