FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>  -vs-<br><br>LUCAS WOODARD,<br><br>                    Defendant. | Nos.  2:11-CR-0084-WFN-1<br>        2:10-CR-0135-WFN-1<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING AND RENEWED MOTION TO REDUCED SENTENCE |

Pending before the Court is Defendant's Motion for Evidentiary Hearing and Renewed Motion to Reduce Sentence. The Court notes that while the caption of the Defendant's Motion includes both cause numbers, the Motion was not filed in 2:10-CR-0135-WFN-1. Defendant has exhausted his claim with the Bureau of Prisons [BOP].

The Court denies Defendant's request for an evidentiary hearing. Defendant seeks to testify about the conditions of his confinement. The briefing, Defendant's mother's letters recounting Defendant's struggle to obtain appropriate treatment, as well as Dr. Reznicek's detailed report provide an adequate basis for decision.

The Court likewise denies Defendant's request for compassionate release. Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

ORDER - 1

Defendant has not demonstrated extraordinary or compelling reasons warranting a sentence reduction. Defendant clarified in the recent Motion that the basis for his Motion relies upon the BOP's failure to adequately address Defendant's serious mental health needs while he has been incarcerated—not the additional strain that COVID-19 protocols placed on all inmates suffering from mental health conditions. Defendant reports a concerning series of failures to properly address his mental illness. Dr. Reznicek opines that the treatment the BOP provided to Defendant falls below community standards. Certainly, the failure to provide any type of counseling, correct medication at the medically recommended dosage, and monitoring of medications presents problems that must be addressed. Moreover, the BOP is equipped to manage these issues in a manner that does not amount to months long solitary confinement; though the Court recognizes that Defendant's escape attempt complicates the BOP's response as Defendant's poor choices made him a security risk.

In addition to the failure to adequately address his mental health treatment, Defendant argues that his prolonged solitary confinement supports compassionate release. Without providing the BOP an opportunity to respond, the Court cannot find that the BOP has violated the Eighth Amendment. Challenges to the conditions of confinement should be litigated directly rather than attacked collaterally in an attempt to secure early release. Litigation of this claim would allow a full review of the issues and provide the BOP an opportunity to respond and make any needed adjustments to the terms of confinement. Compassionate release anticipates extraordinary and compelling reasons on the part of the Defendant supporting his release; not failures of the BOP to meet standards they are able and equipped to manage. The Court is reluctant to release Defendant when less drastic measures will alleviate the concerns raised in Defendant's Motion. The statutes authorize release as a remedy for prison conditions only where the conditions laid out in 18 U.S.C. § 3626 (3) have been met.

As the Court noted in the previous Order denying compassionate release, Defendant's underlying conviction was serious, and he presents a danger to the community. Despite the

ORDER - 2

Court's comments indicating that Defendant was unlikely to re-offend during the sentencing hearing, the Court imposed a sentence nearing the high end of the guideline range. The escape attempt while in custody suggests that the Court may have misjudged Defendant's likelihood of recidivism. Defendant has not demonstrated extraordinary or compelling reasons supporting his release. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Evidentiary Hearing and Renewed Motion to Reduce Sentence and Corrected Motion, **2:11-CR-0084-WFN-1 ECF Nos. 36 and 37**, are **DENIED**.

2. The BOP is directed to (1) conduct a medical review of Defendant's mental health needs; and (2) provide reasonable access to mental health treatment, including counseling and medication, **at or above** community standards.

3. The Government shall file a status update outlining the progress and treatment plan no later than **July 1, 2021**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 13th day of May, 2021.

_WM. FREMMING NIELSEN_
SENIOR UNITED STATES DISTRICT JUDGE

05-11-21

ORDER - 3